# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA J. RICHARDSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-08-002 PAW |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: May 1, 2024
Decided: July 30, 2024

## <u>MEMORANDUM OPINION AND ORDER</u>

*Upon Appeal from the Unemployment Insurance Appeal Board;*

## REVERSED AND REMANDED.

Laura J. Richardson, *Self-Represented Litigant*, *Appellant.*

Matthew Frawley, Esq., of the Delaware Department of Justice, *Attorney for Appellee.*

Victoria W. Counihan, Esq., of the Delaware Department of Justice, *Attorney for the Delaware Division of Unemployment Insurance*.

**WINSTON, J.**

## I.  INTRODUCTION

This appeal stems from an Unemployment Insurance Appeal Board's (the "Board") decision affirming the Appeals Referee's (the "Referee") decision finding Appellant Laura J. Richardson was overpaid unemployment benefits.  Richardson contends she never received notice that she was disqualified from receiving unemployment benefits.  For the reasons set forth, the Court is unable to review the Board's decision due to the Board's inadequate factual findings.  Accordingly, the Board's decision is **REVERSED AND REMANDED.**

## II.  FACTUAL AND PROCEDURAL HISTORY

Richardson filed for unemployment benefits with the Delaware Department of Labor (the "Department") after being discharged from her employer, Claymont Community Center.[1]  According to her employer, Richardson was terminated because she would not perform certain duties.[2]  The Department found Richardson properly discharged and denied her unemployment benefits ("Disqualification Notice").  According to the record, a Claims Deputy mailed a copy of the Disqualification Notice to Richardson's residence on September 22, 2020.[3]  The Disqualification Notice became final on October 2, 2020.[4]  Thereafter, a Claims

---

[1] Record ("R. at ___.") at 70.
[2] *Id*.
[3] *Id*. at 70-71.
[4] *Id*.

Deputy issued a notice of determination establishing overpayment of benefits in the amount of $5,400.00 (the "Overpayment Determination") pursuant to 19 *Del. C.* § 3325.[5] Richardson timely appealed the Overpayment Determination and a hearing was scheduled to address the Overpayment Determination only.[6]

At the hearing, Richardson asserted she never received the Disqualification Notice.[7] On the record, the Referee noted that the Disqualification Notice became final on October 2, 2020, and Richardson did not appeal the Disqualification Notice.[8] The Department then reminded Richardson that the scope of the hearing was only to address the Overpayment Determination, not the Disqualification Notice.[9] The Referee later affirmed the Overpayment Determination finding an overpayment of benefits was established in the amount of $5,400.00 (the "Referee's Decision").[10]

In affirming the Overpayment Determination, the Referee took judicial notice of the fact that Richardson appealed the Disqualification Notice which was dismissed because Richardson failed to appear at the hearing.[11] The Referee then found that no evidence of an appeal to the Board was submitted which rendered the

---

[5] R. at 83-84.
[6] *Id*. at 13.
[7] *Id*. at 38:8-11.
[8] *Id*. at 37:1-5.
[9] *Id*. at 36:23-37:1-10.
[10] R. at 63-66.
[11] *Id*. at 64. The record does not otherwise reflect that Richardson appealed the Disqualification Notice, a hearing was scheduled, or that Richardson failed to appear.

Disqualification Notice final on January 14, 2021.[12] Richardson timely appealed the Referee's Decision to the Board .[13]

The Board adopted the Referee's finding that the Disqualification Notice became final after Richardson appealed but failed to appear at the telephonic hearing.[14] The Board found the Overpayment Determination was mailed to Richardson, she timely appealed, and was found liable to repay $5,400.00 in overpaid benefits.[15] Relying on Delaware law, the Board considered: (1) whether Richardson received the overpayment notice; (2) whether the amount of the overpayment is accurate; and (3) whether the overpayment is directed toward the proper individual.[16] The Board noted Richardson disputed the Disqualification Notice, but held that under Delaware law, the Board is not permitted to address whether Richardson was or was not qualified to receive unemployment benefits in the appeal of an overpayment decision.[17] Ultimately, the Board found no error in the Referee's Decision that Richardson was overpaid unemployment benefits because notice was sent and the amount calculated was accurate.[18] Accordingly, the

---

[12] *Id*.
[13] *Id*. at 11-12.
[14] *Id*. at 6, n.1.
[15] *Id*. at 6.
[16] R. at 7. (citing *Starcks v. Unemployment Ins. Appeal Bd*., 2013 WL 4848101, at *4 (Del. Super. July 30, 2013)).
[17] *Id*.
[18] *Id*.

4

Board affirmed the Referee's Decision.[19]  Richardson then appealed the Board's decision to this Court.[20]

## III.  ANALYSIS

On appeal, Richardson reasserts issues related to the Disqualification Notice, including that she never received notice.[21]  In response, the Delaware Division of Unemployment Insurance (the "Division") submitted a letter contending Richardson cannot challenge the merits of the Disqualification Notice by appealing the Overpayment Determination.[22]  The Division further asserts that the Board's decision affirming the Overpayment Determination is supported by the record and is free from legal error.[23]

The Court's review of the Board's decision is limited to whether there was substantial evidence to support the Board's findings, and whether they are free from legal error.[24]  The Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[25]  Here, the Court is unable to review the Board's decision due to its inadequate factual findings based on the evidence. "Without the Board's factual findings, the Court cannot determine whether there was

---

[19] *Id.*
[20] *Id.* at 3.
[21] *Id.* at 3-5.
[22] D.I. 12 at 3.
[23] *Id.* at 4.
[24] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778,781-82 (Del. 2001).
[25] *Id.*

substantial evidence to support the Board's decision or whether the law was properly applied to the facts."[26] Although the Board enjoys great autonomy in its fact-finder role, "the Board may not completely ignore evidence that contradicts the Board's findings."[27]

At the hearing with the Referee and in her appeal to the Board, Richardson maintained she never received the Disqualification Notice. The Referee and the Board, however, found Richardson appealed the Disqualification Notice but failed to appear at a subsequent telephonic hearing. In affirming the Referee's Decision, the Board explained that Delaware law does not permit the Board to address the underlying benefits determination in an appeal of an overpayment determination. The Board is partly correct. A claimant cannot appeal the basis, or merits, of the disqualification through a subsequent appeal of an overpayment determination, where a claimant has received adequate notice of the effect of a disqualification decision and of the right to appeal it.[28]

Yet, the record does not include Richardson's appeal of the Disqualification Notice as the Referee found and the Board adopted. There is no indication that a

---

[26] *Malik v. Deyarmin*, 2017 WL 2709752, at *4 (Del. Super. June 23, 2017) (quoting *R.C. Nehi Corp. v. Dillmore*, 1986 WL 4570, at *3 (Del. Super. Mar. 31, 1986)).
[27] *Id*. (quoting *Haggerty v. Bd. of Pension Trs.*, 2012 WL 3029580, at *4 (Del. Super. July 20, 2012)).
[28] *Id*.

6

hearing notice for the Disqualification Notice was mailed; and there is no evidence that "another Referee dismissed Richardson's appeal for not appearing [at] her hearing."[29] Whether Richardson failed to appear at the telephonic hearing relating to her Disqualification Notice seemingly affected the Board's decision, but it is not clear whether Richardson received adequate notice thereby barring her appeal rights. Importantly, the Board's finding that Richardson appealed and failed to attend the telephonic hearing contradicts the hearing record. Even assuming, without finding, that the hearing record is correct – Richardson failed to appeal the Disqualification Notice – there is no finding that notice was proper. "Without the Board's factual findings, the Court cannot determine whether there was substantial evidence to support the Board's [D]ecision or whether the law was properly applied to the facts."[30]

---

[29] *See* R. at 64. Assuming Richardson did not appeal the Disqualification Notice, there is no evidence or finding that the notice was properly sent to Richardson.
[30] *Malik*, 2017 WL 2709752, at *4.

## IV.    CONCLUSION

On the current record, the Court cannot determine if the Board's decision was supported by substantial evidence or free from legal error.  Accordingly, this matter must be remanded for further proceedings consistent with this decision.  Therefore, the Board's decision is hereby **REVERSED AND REMANDED**.

**IT IS SO ORDERED.**

*/s/Patricia A. Winston*
**Patricia A. Winston, Judge**